UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY CHAMOGA WEBB,

    Plaintiff,

v.                                                    CASE NO:
                                                        HON:

MOHAMAD BAZZY, ANDREW SHEPHERD,
COLLIN ROSE, PATRICK CECILE, and BRIAN
WILLIAMS, in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, **TERRY CHAMOGA WEBB**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That Defendants Bazzy, Shepherd, Rose, Cecile, and Williams are and/or were police officers employed by the Wayne State University Police Department and were acting under color of law, in their individual and official capacities, and in the course and scope of their employment at all times mentioned herein.

3. All relevant events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

4. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

5. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

6. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

7. On July 28, 2014, Plaintiff was a passenger in a vehicle which was traveling in the area of Grand River and the Lodge Freeway surface drive.

8. Defendant Bazzy pulled over the vehicle, and when Plaintiff asked why they were pulled over, Defendant Bazzy refused to provide an answer.

9. While Defendant Bazzy spoke to the driver of the vehicle, Plaintiff exited the vehicle and stood at the trunk doing nothing.

10. Defendant Bazzy then pulled out his gun and aimed it at Plaintiff.

11. Defendant Bazzy called for backup, and Defendants Rose, Shepherd, Cecile, and Williams subsequently arrived at the scene.

12. Initially, Defendants Rose and Bazzy violently grabbed and pushed Plaintiff and ultimately threw Plaintiff to the ground.

13. Defendant Bazzy kneed Plaintiff and punched Plaintiff.

14. Subsequently, Defendants Rose, Shepherd, Cecile, and Williams proceeded to repeatedly push Plaintiff on the ground and kicked Plaintiff.

15. While on the ground, Defendants smashed Plaintiff's face into the ground, and one of the Defendants dropped his knee on Plaintiff so hard that it caused Plaintiff to defecate.

16. Then, without any warning or lawful justification, Defendant Bazzy sprayed a chemical spray in Plaintiff's face.

17. Defendants Shepherd and Cecile took Plaintiff to Detroit Receiving Hospital due to his injuries, and was subsequently conveyed to the Detroit Detention Center.

18. Defendants' illegal and excessive use of force as well as other violations of law caused significant injuries and damages to Plaintiff.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 EXCESSIVE FORCE

19. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

20. Defendants were at all times acting under color of law, within the course and scope of their employment, and in their individual and official capacities.

21. Defendants violated Plaintiff's right to be free excessive and unreasonable force.

22. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

23. The acts of Defendants were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth and

Fourteenth Amendments to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

24. Furthermore, despite the opportunity to do so, none of the Defendant police officers once intervened on Plaintiff's behalf to put an end to the excessive and/or unreasonable force being used against him.

25. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

26. As a proximate result of violation and/or deprivation of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for exemplary, compensatory, and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT III
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983—ILLEGAL SEARCH AND SEIZURE

27. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

29. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they falsely arrested and falsely detained Plaintiff without probable cause or exigent circumstances.

30. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they held Plaintiff against his will for no lawful purpose whatsoever.

31. Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

    Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

32. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of their constitutional rights.

33. Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney fees.

        Respectfully submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 866-8650
        shawn.cabot@cjtrainor.com

Dated:  July 26, 2016
SCC/

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TERRY CHAMOGA WEBB,

    Plaintiff,

v.

MOHAMAD BAZZY, ANDREW SHEPHERD,
COLLIN ROSE, PATRICK CECILE, and BRIAN
WILLIAMS, in their individual and official capacities,

    Defendants.

CASE NO:
HON:

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | |
|---|---|

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-entitled cause.

        Respectfully submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 866-8650
        shawn.cabot@cjtrainor.com

Dated:  July 26, 2016
SCC/