UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WEBB,

        Plaintiff,                          Case No. 2:16-cv-12761

v.                                    HONORABLE STEPHEN J. MURPHY, III

MOHAMAD BAZZY, et al.,

        Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [30] AND GRANTING IN PART**
**AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [23]**

On November 16, 2017, Magistrate Judge Grand issued a Report and Recommendation ( the "Report") regarding Defendants' motion for summary judgment. ECF 30. Neither party filed objections within the 14 days allowed. Fed. R. Civ. P. 72(b)(2). The Report recommended granting the motion in part because Webb indicated that he was not moving forward with his illegal search and seizure claim, but the Report recommended denying the motion as to Webb's excessive force claims as to all five defendant police officers.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is required only if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither party filed objections, de novo review of the Report's conclusions is not required. After reviewing the record, the Court finds that the magistrate judge's conclusions are factually based and legally sound. Accordingly, the Court will adopt the Report's findings and grant in part and deny in part Defendants' motion for summary judgment.

Magistrate Judge Grand found that Defendants Cecile, Shepherd, and Williams were not entitled to qualified immunity because they argued only that Officer Bazzy did not utilize excessive force. They did not present any argument regarding whether—notwithstanding a finding that Officer Bazzy did use excessive force—they owed Webb a duty of protection.

Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Immunity is not a mere defense to liability, but a privilege to be free from the burdens of litigation. *See Cochran v. Gilliam*, 656 F.3d 300, 311 (6th Cir. 2011) (quoting *Mitchell*, 472 U.S. at 526). Courts treat a summary denial of qualified immunity as evidence that "the district court had [not] entirely taken to heart the Supreme Court's instruction to courts about the duty to treat seriously motions raising immunity and to grant qualified immunity at the earliest possible point in the litigation." *Logan v. Slaton*, 508 F.3d 576, 579 n.5 (11th Cir. 2007) (citing *Anderson v. Creighton*, 483 U.S. 635 (1987) and *Mitchell v. Forsyth*, 472 U.S. 511 (1985)). Officers Cecile, Shepherd, and Williams may still be shielded from suit by qualified immunity if they did not owe a duty of protection to Webb. And thus, trying claims against those three Defendants if they are immune could undermine the very purpose of the qualified immunity principle. In an abundance of caution, therefore, the Court will order Defendants Cecile, Shepherd, and Williams to state whether they intend to abandon any other potential qualified immunity defenses.

**WHEREFORE**, it is hereby **ORDERED** that the Court **ADOPTS** the Report and Recommendation [24].

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [23] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Cecile, Shepherd, and Williams shall

**FILE**, within ten days of the date of this Order, a status update stating whether they are

abandoning any remaining qualified immunity defenses.

**SO ORDERED**.

           s/Stephen J. Murphy, III
           STEPHEN J. MURPHY, III
           United States District Judge

Dated: December 8, 2017

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on December 8, 2017, by electronic and/or ordinary mail.

           s/David P. Parker
           Case Manager